IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
JOSHUAH SPRAGGINS,           )
                             )
     Plaintiff,              )
                             )
     v.                      )     CIVIL ACTION NO.
                             )        3:04cv1071-T
KNAUF FIBER GLASS GmbH,      )           (WO)
Inc., a German               )
corporation,                 )
                             )
     Defendant.              )
```

ORDER

For the following reasons, it is ORDERED that plaintiff Joshuah Spraggins's motion for summary judgment (Doc. No. 24) is denied:

(1) As explained in greater detail in this court's order on defendant Knauf Fiber Glass GmbH, Inc.' motion for summary judgment, there is a genuine issue of material fact as to whether it would have been practicable for Spraggins to provide notice of his absence one hour before his shift began on August 7, 2004. This question is critical to the determination of

whether Knauf's customary call-in policy applied to Spraggins while he was on leave under the Family Medical Leave Act of 1993 (FMLA).

(2) An employer may require that a request for FMLA leave to care for a spouse with a serious health condition be supported by a certification issued by the spouse's doctor. 29 U.S.C.A. § 2612(a). Knauf required Spraggins to provide such certification for his absences on August 5, 6, and 7, 2004.[1] Spraggins claims he delivered doctors notes to Linda Wall, who worked in Knauf's human resources department,[2] while Wall denies ever receiving the doctors notes.[3] Therefore, a genuine issue of material fact exists as to whether Spraggins complied with Knauf's certification request.

---

1. Evidentiary submission in support of plaintiff's motion for summary judgment (Doc. No. 26), Ex. EE, Deposition of Gene Evans, pp. 44-45.

2. Id., Ex. DD, Deposition of Joshuah Spraggins, p. 142.

3. Response in opposition to plaintiff's motion for summary judgment (Doc. No. 30), Ex. L, Deposition of Linda Wall, p. 23.

2

(3) An employee is entitled to leave in order to care for a sick spouse under the FMLA only if the spouse is suffering from a "serious health condition." 29 U.S.C.A. § 2612(a)(1)(C). Medical records of Spraggins's wife indicate that she was not bleeding heavily and was not in pain on August 5 and 6, 2004,[4] while she contends the medical records are incorrect.[5] Therefore, a genuine issue of material fact exists as to whether she was suffering from a serious medical condition on August 5 and 6, 2004.

DONE, this the 21st day of November, 2005.

                                                /s/ Myron H. Thompson  
                                                UNITED STATES DISTRICT JUDGE

---

4. Appendix to defendant's motion for summary judgment (Doc. No. 23), Ex. I, Medical Records of Jessica Spraggins.

5. Evidentiary submission in support of plaintiff's motion for summary judgment (Doc. No. 26), Ex. CC, Deposition of Jessica Spraggins, pp. 39, 56.